**Michael DETKO, Plaintiff,**

v.

**BLIMPIES RESTAURANT, S.A.M.C. Corporation and Mark Messina, Defendants.**

**No. 95 CV 10172 (BDP).**

United States District Court, S.D. New York.

May 2, 1996.

---

**5.** Defendant SZ also has made a motion for sanctions under Fed.R.Civ.P. 11. That motion is denied.

**556**

Ambrose Waterson, Law Offices of Michael H. Sussman, Goshen, NY, for Plaintiff.

Edward L. Owen, Law Offices of Francis W. Turner Curyan, New York City, for Defendant Blimpie Restaurant.

Terrence J. Dwyer, Bronxville, NY, for Defendant Messina.

## MEMORANDUM DECISION AND ORDER

PARKER, District Judge.

This action for discrimination under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et. seq.*, and violations of state law is before this Court on defendants' motion to dismiss pursuant to Rule 12(b)(6). The facts as alleged in the complaint are as follows. The plaintiff, Michael Detko, "suffers from a disability that impairs his speech." Due to his speech impediment, Detko "stutters when he speaks," and his "speech impediment is aggravated when he is placed in stressful and worrisome situations." In particular, he has a "hard time pronouncing the letter 'M.'"

On October 3, 1995, Detko entered defendant Blimpies Restaurant, which is operated by defendant S.A.M.C. Corporation, and attempted to order a sandwich with extra mayonnaise. Impatient, Blimpies' manager, defendant Mark Messina, yelled at Detko to "Hurry it up." Detko became embarrassed and distressed. Another employee prepared Detko's sandwich after Messina refused to continue waiting on Detko. After his sandwich was served, Detko asked to speak with the manager stating that he wished to file a complaint against Messina. Messina refused to identify the manager, and threw Detko's sandwich in the garbage. Messina then grabbed Detko by the neck and dragged him out of the restaurant.

Detko alleges that defendants' actions denied him public accommodation on the basis of his disability in violation of the ADA. Detko also asserts state law claims for discrimination under New York State Executive Law § 296 and battery. Defendants move to dismiss on the grounds that (1) Detko's speech impediment is not a disability within the meaning of the ADA; (2) the ADA does not apply to Messina; and (3) New York Executive Law does not prohibit discrimination against the speech impaired and is inapplicable to Messina.

■ Because the purpose of a motion to dismiss is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof, *see Geisler v. Petrocelli*, 616 F.2d 636, 639 (2d Cir.1980), a plaintiff need not come forward with proof of its allegations.[1] A plaintiff must, however, allege facts that taken as true constitute a claim.

---

1. Attached to defendants' motion to dismiss are affidavits, which are materials outside the pleadings. Because at this stage of the litigation a plaintiff need not come forward with proof of its claim, the Court has not considered these affidavits. "Rule 12(b)(6) does not give the district court authority to consider matters outside the pleadings; it simply delineates the procedures which must be followed in testing the legal sufficiency of a complaint." *LaBounty v. Adler*, 933 F.2d 121, 123 (2d Cir.1991).

"In considering Rule 12 motions to dismiss, the Court must accept the facts appearing on the face of the complaint as true, and consider them along with such reasonable inferences as may be drawn in complainant's favor." *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). Complaints containing only conclusory, vague or general allegations, however, cannot survive a motion to dismiss. *See, e.g., Contemporary Mission, Inc. v. United States Postal Service,* 648 F.2d 97, 107 (2d Cir.1981).

The ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). To state a claim for discrimination under the ADA, a plaintiff must allege that (1) he has a disability as defined by the ADA, 42 U.S.C. § 12102(2), (2) that a person who owns, leases (or leases to), or operates a place of public accommodation discriminated against him, (3) on the basis of his disability. 42 U.S.C. §§ 12182(a) & (b). A disability is defined as "a physical or mental impairment that substantially limits one or more of the major life activities of such individual ... or being regarded as having such an impairment." 42 U.S.C. § 12102(2)(A).

Although speaking is a major life activity, *see* 29 C.F.R. § 1630.2(i), Detko has not alleged that his impediment *substantially* limits his speaking or that he is regarded as having such an impairment. To the contrary, he merely alleges that he stutters, and has particular difficulty with the letter 'M.' Because Detko has not adequately alleged the first element of an ADA claim, it is not necessary to reach the other issues raised by defendants' motion to dismiss.

In conclusion, defendants' motion to dismiss the complaint is granted without prejudice. The Clerk of the Court is directed to close the case.

SO ORDERED.