Stephen DIEHL and Mary Diehl, Plaintiffs,

v.

VILLAGE OF ANTWERP, Town of Antwerp, The County of Jefferson, New York, Defendants.

No. 95–CV–479.

United States District Court, N.D. New York.

May 15, 1997.

**647**

Robert J. Miletsky, New York City, for Plaintiffs.

Stephen W. Gebo, Conboy, McKay Law Firm, Watertown, NY, for Defendant Village of Antwerp.

Jonathan A. Mugel, Lippes, Silverstein Law Firm, Buffalo, NY, for Defendant Town of Antwerp.

Christopher W. Hall, Watertown, NY, for Defendant County of Jefferson, New York.

## MEMORANDUM DECISION and ORDER

SCANLON, United States Magistrate Judge.

The parties have consented to have the undersigned conduct any and all further proceedings in this case, including the entry of final judgment, in accordance with 28 U.S.C. § 636(c). Currently before the Court is defendant Town of Antwerp's motion to dismiss plaintiffs' complaint (dkt.16), which plaintiffs oppose.

## BACKGROUND

The defendants in this action are the Village of Antwerp ("Village"), the Town of Antwerp ("Town"), and the County of Jefferson ("County").

The following facts are accepted as true for the purposes of the Town's motion to dismiss. Beginning on December 11th and continuing through December 25, 1994, the First Congregational Church of Antwerp ("Church"), located in the Village of Antwerp, New York, broadcast amplified noise, sounds and music for lengthy periods of time from speakers located at its steeple.[1] The plaintiffs, Stephen and Mary Diehl, who are residents of the Village, found the volume and duration of these sounds so distressful that on either December 11th or 12th, they called the New York State Police to advise them of the noises.[2] Amend. Compl. at ¶¶ 4, 8–10. The state trooper who responded to the call allegedly told plaintiffs that the noises were loud enough to constitute a violation of New York State Penal Law. Plaintiffs further contend that the Church's conduct violated a Village ordinance relating to "Peace and Good Order," which prohibits persons or corporations from ringing a bell or making other improper noises that disturb the peace, comfort or health of the community.[3] Accordingly, on December 12, 1994, a criminal complaint arising out of Church's conduct was presented to each of Antwerp's Town Justices.

The Town Justices, however, refused to act upon the complaints, so the State Police referred the matter to the Jefferson County District Attorney's office. On December 15, 1994, three days later, Mary Diehl personally appealed to that office for action. Amend. Compl. at ¶¶ 10–12. The District Attorney's office did not prosecute the criminal complaint, either. It explained that it had no power to do so because the violation was committed by a church, and further cited a petition supporting the Church's actions. The petition, which was initiated on December 14, 1994, at a Village Board of Trustees meeting, was signed by the entire Village Board, the mayor, one of the two Village clerks, and the employees of the Village Public Works Department. Amend. Compl. at ¶¶ 12–13.

On December 20, 1994, the Appellate Division of the Supreme Court of the State of New York directed the Church to limit the amount of noise, sounds and music which were being amplified from its steeple. Amend. Compl. at ¶ 15.

Plaintiffs claim that by their failure to enforce local ordinances and the New York State Penal Code, the Village, Town and County have demonstrated improper preferences to the Church that deprived plaintiffs of their civil rights, as well as their constitutional right to equal protection of the law. They further maintain that the Village, Town and County's actions have violated the Establishment Clause of the First Amendment.

Plaintiffs seek compensatory relief and an Order from this Court directing defendants to take all steps required to enforce the applicable village and state law against the Church to ensure that the Church and its representatives are held responsible for their criminal conduct.

## DISCUSSION

The Town's motion to dismiss, brought under Fed.R.Civ.P. 12(b)(1), (6) and (7), is based upon three grounds: (1) that this Court lacks jurisdiction over the subject mat-

---

1. The Church and Kenneth R. Leamon, its minister, are defendants in a collateral action, Diehl, et al., v. First Congregational Church of Antwerp. et al., No. 95–CV–1747, which is also before this Court.

2. Plaintiffs retained an expert whose analysis of the decibel levels of the sounds, noise and music emanating from the Church yielded that those sounds were sixteen times higher than the ambient background sounds. Amend. Compl. at ¶ 17. The complaint does not state the expert's proximity to the Church when the expert measured the sounds, nor does it furnish the actual decibel levels of either the Church or the ambient background sounds.

3. Plaintiffs do not specify which part of the New York State Penal Code was violated by the Church's broadcasts. The Village ordinance, however, is identified as "Article 1, Section 9 of the Ordinances of the Village of Antwerp, relating to Peace and Good Order." Amend. Compl. at ¶ 10.

ter; (2) that the amended complaint fails to state a claim upon which relief may be granted; (3) and that plaintiffs have failed to join a party under Rule 19. The Court addresses these issues *seriatim.*

## I. Rule 12(b)(1) and Subject Matter Jurisdiction.

The Town argues that plaintiffs' assertion of subject matter jurisdiction is wholly without merit, and therefore asks the Court to dismiss this action pursuant to Rule 12(b)(1). Plaintiffs, meanwhile, allege that the Court has jurisdiction over their claims under § 1331 to redress their First and Fourteenth Amendment claims, and under § 1343(a)(4) "to secure civil rights under a statute of the United States." The Court finds that while it enjoys jurisdiction over plaintiffs' § 1331 claims, it does not have jurisdiction over their § 1343(a)(4) claims.

■ Section 1331 confers original jurisdiction to district courts "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiffs' invocation of § 1331 to redress their constitutional claims—addressed, *infra*—is proper. Examining the issue of federal jurisdiction in *Spencer v. Casavilla,* 903 F.2d 171, 173 (2d Cir.1990), the Second Circuit reasoned:

> Little is needed for a plaintiff to assert a claim sufficient to give the federal court jurisdiction. Where the complaint "is so drawn as to seek recovery directly under the Constitution or laws of the United States," *Bell v. Hood,* 327 U.S. 678, 681, 66 S.Ct. 773, 775, 90 L.Ed. 939 (1946), the district court must entertain the suit unless the federal claim "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous," *Id.* at 682–83, 66 S.Ct. at 776. The court should not dismiss a complaint asserting a nonfrivolous claim under federal law for lack of jurisdiction even if the complaint fails to state a claim upon which relief can be granted. . . .
>
> Thus, even if the court believes that it would dismiss the complaint in response to a motion under Fed.R.Civ.P. 12(b)(6), that

is not reason to dismiss for lack of jurisdiction. *See, e.g., Schwartz v. Gordon* 761 F.2d 864, 867 n. 4 (2d Cir.1985) (dismissal because of inapplicability of federal statute to the facts alleged is more aptly termed one for failure to state a claim than one for lack of jurisdiction if question presented was nonfrivolous).

As was the case in *Spencer,* plaintiffs' amended complaint plainly seeks recovery under the federal Constitution and asserts claims that are neither immaterial nor frivolous. Accordingly, the Court may entertain plaintiffs' First and Fourteenth Amendment claims.

■ The Town's argument regarding dismissal of plaintiffs' § 1343(a)(4) claims, however, is well taken. Section 1343(a)(4) does not confer jurisdiction in and of itself It provides federal jurisdiction only "[t]o recover damages or to secure equitable or other relief *under any Act of Congress providing for the protection of civil rights,* including the right to vote." (Emphasis supplied). To invoke § 1343(a)(4) properly, the amended complaint must invoke the corresponding statute that provides for the protection of plaintiffs' civil rights, which it does not do. Nor, for that matter, have plaintiffs specified which of their "civil rights" are at issue. The Court dismisses that part of plaintiffs' claim seeking redress of their civil rights under § 1343(a)(4) for lack of jurisdiction over the subject matter.

## II. Rule 12(b)(6) and Plaintiffs' Constitutional Claims.

Having concluded that jurisdiction of plaintiffs' constitutional claims is proper, the Court now turns to whether such claims should survive the Town's Rule 12(b)(6) motion. "In considering Rule 12 motions to dismiss, the Court must accept the facts appearing on the face of the amended complaint as true, and consider them along with such reasonable inferences as may be drawn in complainant's favor." *Detko v. Blimpies Restaurant,* 924 F.Supp. 555, 556 (S.D.N.Y. 1996). "The function of a motion to dismiss 'is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support

thereof.'" *Ryder Energy Distribution Corp. v. Merrill Lynch Commodities, Inc.,* 748 F.2d 774, 779 (2d Cir.1984) (*quoting Geisler v. Petrocelli,* 616 F.2d 636, 639 (2d Cir.1980)). Factual allegations in brief or memoranda may not be considered. *Fonte v. Board of Managers of Continental Towers Condominium,* 848 F.2d 24, 25 (2d Cir.1988). The Court now addresses plaintiffs' constitutional claims.

## A. Equal Protection.

■ Among the protections afforded by the Fourteenth Amendment is the guarantee that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. CONST. amend. XIV, § 1. Plaintiffs allege that defendants violated their right to equal protection of the laws when defendants did not enforce either the local noise ordinance or the New York State Penal Code. It is well settled, however, that an equal protection claim under the Fourteenth Amendment requires a showing of intentional discrimination. *See Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986); *Firefighters Local Union No. 1784 v. Stotts,* 467 U.S. 561, 583 n. 16, 104 S.Ct. 2576, 2590 n. 16, 81 L.Ed.2d 483 (1984). To establish such intentional or purposeful discrimination, it is axiomatic that plaintiffs must allege that similarly situated persons have been treated differently. *Gagliardi v. Village of Pawling,* 18 F.3d 188, 193 (2d Cir.1994) (*citing City of Cleburne v. Cleburne Living Ctr., Inc.,* 473 U.S. 432, 439, 105 S.Ct. 3249, 3254, 87 L.Ed.2d 313 (1985)). In particular, for plaintiffs to state an equal protection claim, they must allege that defendants, as government entities, not only deliberately interpreted a statute against plaintiffs, but also singled out plaintiffs alone for that misinterpretation. *Id., See also Brady v. Town of Colchester,* 863 F.2d 205, 216 (1988); *Burt v. City of New York,* 156 F.2d 791, 792 (2d Cir.1946).

■ The amended complaint does not allege that defendants would have enforced the Village noise ordinance or state penal code at the request of another resident whose situation was similar to plaintiffs' situation. Without such factual allegations, plaintiffs' equal protection claim is insufficient as a matter of law. *See Gagliardi,* 18 F.3d at 193; *Brady,* 863 F.2d at 216–17. Accordingly, plaintiffs' equal protection claim is dismissed.

## B. The Establishment Clause.

■ Plaintiffs also claim that by failing to enforce the village noise ordinance and appropriate New York State Penal Code, defendants have violated the Establishment Clause of the First Amendment improper preferences to the Church. The First Amendment provides in relevant part that "Congress shall make no law respecting an establishment of religion." U.S. CONST. Amend. I. In 1971, the Supreme Court defined a three-part test to help lower courts determine whether a given practice runs afoul of the Establishment Clause. *Lemon v. Kurtzman,* 403 U.S. 602, 612–13, 91 S.Ct. 2105, 2111, 29 L.Ed.2d 745 (1971). That test requires courts to consider: (1) whether the challenged practice has a secular purpose; (2) whether the practice either advances or inhibits religion in its principle or primary effect; and (3) whether the practice fosters excessive government entanglement with religion. *Id.* Admittedly, the application of the *Lemon* test to all Establishment Clause cases has been questioned by the Supreme Court;[4] but at a minimum, the First Amendment "guarantees that government may not coerce anyone to support or participate in religion or its exercise, or otherwise act in a way which 'establishes a [state] religion or religious faith, or tends to do so.'" *Lee v. Weisman,* 505 U.S. 577, 587, 112 S.Ct. 2649, 2655, 120 L.Ed.2d 467 (1992) (*quoting Lynch v. Donnelly,* 465 U.S. 668, 678, 104 S.Ct. 1355, 1362, 79 L.Ed.2d 604 (1984)).

■ It is a fundamental precept that government may not prefer or aid "a single religion or religion generally," *School Dist. of Grand Rapids v. Ball,* 473 U.S. 373, 382, 105

---

4. *See, e.g., Board of Educ. of Kiryas Joel Village School Dist. v. Grumet,* 512 U.S. 687, 717, 114 S.Ct. 2481, 2499, 129 L.Ed.2d 546 (1994) (O'CONNOR, J., concurring in part and concurring in judgment) ("Experience proves that the Establishment Clause, like the Free Speech Clause, cannot easily be reduced to a single test.")

S.Ct. 3216, 3221, 87 L.Ed.2d 267 (1985), but must "maintain a course of neutrality among religions, and between religion and nonreligion." *Id.; see also Parents' Ass'n of P.S. 16 v. Quinones,* 803 F.2d 1235, (2d Cir.1986) (holding that the Establishment Clause not only forbids creation of state religion, but requires as well that government remain neutral with respect to all religions); *Board of Education of Kiryas Joel v. Grumet,* 512 U.S. at 702, 114 S.Ct. at 2491 (holding that it is "a principle at the heart of the Establishment Clause" that government may not prefer "one religion to another, or religion to irreligion"). Yet, allowing people with religious faith to advance their religions is not what is meant by "establishment of religion"; rather, for state action to constitute establishment of religion in violation of establishment clause, *state action itself must constitute endorsement of religion. Hsu By and Through Hsu v. Roslyn Union Free School Dist. No. 3,* 85 F.3d 839, 866 (2d Cir.), *cert. denied, Roslyn Union Free School Dist. No. 3 v. Hsu By and Through Hsu,* —— U.S. ——, 117 S.Ct. 608, 136 L.Ed.2d 534 (1996) (emphasis supplied).

■ Plaintiffs allege that defendants have violated the Establishment Clause "by their failure to enforce Article 1, Section 9 of the Ordinances of the Village of Antwerp, relating to Peace and Good Order, and the New York State Penal Code concerning disorderly conduct" thereby "improperly show[ing] preferences to the Church." The problem with the amended complaint, however, is that it does not allege with much particularity how defendants' actions were violative of the Establishment Clause. First, plaintiffs have not explained the nexus between the named defendants and the individuals discussed in the complaint. The complaint identified the various defendants as follows:

5. Upon information and belief, at all times hereinafter mentioned, defendant Village of Antwerp ["Village"] was and is a body corporate and politic constituting a public benefit corporation with offices for the transaction of business located at 58 Main Street, Village of Antwerp, New York.

6. Upon information and belief, at all times hereinafter mentioned, defendant Town of Antwerp ["Town"] was and is a body corporate and politic constituting a public benefit corporation with offices for the transaction of business located at Town Hall, Main Street, Town of Antwerp, New York.

7. Upon information and belief, at all times hereinafter mentioned, defendant County of Jefferson ["County"] was and is a body politic constituting a public benefit corporation with offices for the transaction of business located at 175 Arsenal Street, City of Watertown, New York.

There is no allegation, for example, that the individuals discussed in the complaint—with the possible exception of the Town Justices—acted under the aegis of any defendants. Although plaintiffs may have assumed that such a relationship was self-evident, the Court does not enjoy the liberty of making such assumptions under a Rule 12(b)(6) motion.

Second, the complaint is rather bare regarding plaintiffs' Establishment Clause claim. Plaintiffs failed to allege facts that presumably would have been germane—if not essential—to the advancement of their claim. For example, though they complain that defendants violated the Establishment Clause by not enforcing the applicable state penal code, plaintiffs do not even cite the penal code that they conclude the church has violated. Nor have they cited or detailed the holding of the Appellate Division's decision that they allege directed the Church to limit its broadcasts, or the nature of these limitations. Of particular note is plaintiffs' failure to allege that defendants' "improperly shown preferences to the Church" either endorsed or aided a particular religion or religion generally; and even if the Court reads this latter allegation liberally, plaintiffs still have not have not detailed how a failure to enforce a noise ordinance or the penal code amounts to state action endorsing religion, as is required *Hsu. Hsu,* 85 F.3d at 866. Accordingly, plaintiffs' Establishment Clause claim must be dismissed.

**652**

III. Rule 12(b)(7).

The Town asks the Court to dismiss this action because plaintiffs have not named a necessary party: the Church. Because the Court grants the Town's motion on other grounds, the Court does not address this issue.

**CONCLUSION**

Plaintiffs have alleged that the loudness and duration of the Church music was distressful to them, and the Town does not deny this accusation. Indeed, although some might consider defendants' or the Church's actions unneighborly or lacking in Christian forbearance, unneighborly behavior is not necessarily unconstitutional behavior. Given the facts and circumstances as plaintiffs have alleged them, there can be no argument that defendants' actions violated plaintiffs' constitutional rights.

For the reasons set forth herein, the Court hereby GRANTS the Town's motion to dismiss.

The parties having chosen pursuant to 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73 to have a United States Magistrate Judge conduct these proceedings, any appeals from this Order must be taken to the United States Court of Appeals for the Second Circuit pursuant to 28 U.S.C. § 636(c)(3). In accordance with 28 U.S.C. § 2107 any Notice of Appeal must be filed within thirty (30) days after entry of this Order.

**IT IS SO ORDERED.**