**Billy JOYNER, Plaintiff,**

v.

**Charles GREINER, Dr. Maw and Dr. J. Perilli, Defendants.**

No. 01 CIV. 7399(CM)(GAY).

United States District Court,
S.D. New York.

March 28, 2002.

Maria Barous Hartofilis, Esq., Assistant Attorney General, New York.

### DECISION AND ORDER GRANTING MOTION TO DISMISS COMPLAINT

McMAHON, District Judge.

Defendants Charles Greiner, Dr. Maw and Dr. Perilli, by their attorney, Eliot Spitzer, Attorney General of the State of

New York, move to dismiss the complaint pursuant to Federal Rules of Civil Procedure, Rule 12(b)(1) and 12(b)(6). Their motion is granted.

Plaintiff, who was at all relevant times an inmate in the custody of the New York State Department of Correctional Services ("DOCS")[1] brings this action against defendants, seeking monetary relief in the amount of five hundred thousand dollars, for the alleged deliberate indifference to a serious medical condition during the period September 27, 1999 through the spring of 2000, while he was incarcerated at Sing Sing Correctional Facility ("Sing Sing").

Defendants move to dismiss this complaint on the grounds that: (1) plaintiff has failed to state a claim against Doctor Maw of deliberate indifference to serious medical needs upon which relief can be granted; (2) plaintiff has failed to allege the personal involvement of defendants Superintendent Greiner and Doctor Perilli in the alleged constitutional violation; and (3) defendants are entitled to qualified immunity. All grounds asserted have merit.

### Statement of the Case

Plaintiff alleges that on or about September 27, 1999, while incarcerated at Sing Sing, he was experiencing severe pain in his lower back which radiated into his buttock and lower leg. Plaintiff was issued Motrin for his pain. *See*, Complaint, Section IV. According to plaintiff, he continued to experience this pain and continued taking his pain medication. *Id.* During this period of time, plaintiff saw the physician's assistant on numerous occasions and had x-rays taken. *Id.* He also

saw Dr. Maw on one occasion and received physical therapy. *Id.*

Despite the continuous medical care he received, plaintiff claims that defendants denied him adequate medical treatment and were deliberately indifferent to his pain and suffering and serious medical needs. In support of his claim, plaintiff states that when Doctor Maw examined him, he advised him that there was nothing wrong with his back and that the pain he was experiencing was being caused by muscle spasms. *Id.* Doctor Maw submitted plaintiff's name for physical therapy which plaintiff received. *Id.* Plaintiff also alleges that he wrote to Doctor Perilli, the head physician at Sing Sing, who replied that there was nothing he could do unless plaintiff could show that he had a disc problem. *Id.* According to plaintiff, he filed a grievance regarding his medical needs which was denied and subsequently affirmed on appeal by Superintendent Charles Greiner. *Id.*

### ARGUMENT

### POINT I

### *PLAINTIFF FAILS TO STATE A DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEED CLAIM AGAINST DR. MAW*

**A. *Standard of Review***

In determining a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the court must accept the factual allegations in the complaint as true. *Hughes v. Rowe*, 449 U.S. 5, 10, 101 S.Ct. 173, 176, 66

---

1. Plaintiff—who is currently maintaining no fewer than four lawsuits in this Court House—has since been paroled. However, he has disappeared, and a warrant for his arrest issued on December 12, 2001, on the ground that he failed to report to his parole officer.

The Court no longer has any address for plaintiff and no way of contacting him. Plaintiff responded to the motion prior to absconding, however, so the Court has had the "benefit" of his papers.

L.Ed.2d 163 (1980), *see also, Watson v. McGinnis*, 964 F.Supp. 127, 129 (S.D.N.Y. 1997). *Pro se* complaints, like the one involved here, "are held 'to less stringent standards than formal pleadings drafted by lawyers...'" *Hughes v. Rowe*, 449 U.S. 5, 9, 101 S.Ct. 173, 176, 66 L.Ed.2d 163 (1980) (quoting *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972)). Thus, a *pro se* complaint "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 449 U.S. at 10, 101 S.Ct. at 176. *See also, Soto v. Walker*, 44 F.3d 169, 173 (2d Cir.1995).

However, dismissal under Rule 12(b)(6) is proper "if the complaint lacks an allegation regarding an element necessary to obtain relief..." 3 *Moore's Federal Practice*, § 12.34[4][a], pg. 12–72 (1997). Thus, the duty to liberally construe a plaintiff's complaint is not the equivalent of a duty to re-write it for him. *Id.* at § 12.34[1][b], pg. 12–60.

As detailed below, plaintiff has failed to allege facts tending to establish that the defendants were deliberately indifferent to his medical needs. Therefore, plaintiff fails to state a claim for an Eighth Amendment violation, and his complaint must be dismissed.

### B. *Deliberate Indifference to Serious Medical Need*

 In order to establish an Eighth Amendment claim arising out of inadequate medical treatment, a prisoner must prove "deliberate indifference to [his] serious medical needs." *Estelle v. Gamble*,

429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). This deliberate indifference standard embodies both an objective and a subjective prong. *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir.1994). First, under the objective standard, a plaintiff must allege a deprivation "sufficiently serious" to constitute a constitutional violation. *Id.* at 66. This contemplates a condition of urgency, one that may produce death, degeneration, or extreme pain. *Id.* Second, under the subjective component, the defendant prison official must have acted with a sufficiently culpable state of mind; that is, he must:

> know of and disregard an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a *substantial risk of serious harm* exists, and he must also draw the inference.

*Hathaway*, 37 F.3d at 66. There must be some evidence that the health care providers knowingly and intentionally rendered improper treatment. *See, Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (stating that a prison official does not act in a deliberately indifferent manner towards an inmate unless he "knows of and disregards an excessive risk to inmate health or safety").

 In this case, plaintiff alleges that he was experiencing severe back pain, over a period of time, that was not adequately treated. Since on a motion to dismiss pursuant to 12(b)(6) of the Federal Rules of Civil Procedure, plaintiff's level of pain must be viewed in a light most favorable to him,[2] defendants did not not argue that

---

2. *See, Gill v. Gilder*, 1996 U.S. Dist. LEXIS 2757, *14, 1996 WL 103837 (S.D.N.Y. March 8, 1996) (motion to dismiss granted in part and denied in part); *Gill v. Gilder*, 1997 U.S. Dist. LEXIS 1236, 1997 WL 53187 (S.D.N.Y. Feb.10, 1997) (defendants' cross-motion for summary judgment granted and plaintiff's motion to amend his complaint granted in part and denied in part); *Gill v. Gilder*, 1997 WL 419983, 1997 U.S. Dist. LEXIS 10833

plaintiff had failed to plead an objectively serious injury. *Cole v. Artuz*, 2000 WL 760749, 2000 U.S. Dist. LEXIS 8117 (S.D.N.Y. June 12, 2000)(holding that a chronic back injury may not be as dramatic as some other conditions found to satisfy the deliberate indifference standard [citation omitted] but it is not therefore insufficient as a matter of law).

Nonetheless, the complaint must be dismissed because plaintiff has not sufficiently pleaded facts satisfying the subjective component in order to make out a claim for "deliberate indifference to serious medical needs." The complaint contains no allegation that defendant, Doctor Maw, acted "with the requisite culpable mental state." *Hathaway*, 37 F.3d at 66. There are also no allegations that establish that Doctor Maw knowingly and intentionally rendered improper treatment or that he knew of and disregarded a substantial risk of serious harm to the plaintiff. *See, Farmer*, 511 U.S. at 837–838, 114 S.Ct. 1970. In addition, plaintiff has not set forth allegations that Doctor Maw intentionally denied him needed medical care over a period of time or completely withheld medical care in order to make out a constitutional violation which can support a 1983 claim. *See, Hathaway v. Coughlin*, 841 F.2d 48, 50 (2d Cir.1988); *See also, McBride v. Gomez*, 1994 WL 37816, 1994 U.S. Dist. LEXIS 1231 (S.D.N.Y. Feb. 8, 1994)(motion to dismiss granted where plaintiff did not allege that the defendants acted intentionally to withhold from him the medication he sought). Accordingly, the one reference to Doctor Maw in the complaint is not sufficient to meet the standard for pleading "deliberate indifference." *See*, Complaint, Section IV.

The complaint on its face does not support a claim of deliberate indifference to Plaintiff's medical condition. Plaintiff continuously received pain medication for his back pain, was seen by a physician's assistant and had x-rays performed to determine the cause of his back pain. *See,* Complaint at pp. 4–7. According to plaintiff's allegations, he was seen by Doctor Maw on only one occasion. *See,* Complaint, Section IV. Plaintiff claims that, during his examination, Doctor Maw told him that there was nothing wrong with his back and that he was having muscle spasms due to the fact that he had once lifted weights. *Id.* According to plaintiff, Doctor Maw informed him that he would submit his name for physical therapy, which plaintiff received. *Id.* Despite his admission that he received medical care and treatment, plaintiff argues that Doctor Maw was deliberately indifferent to his medical needs, apparently because Doctor Maw did not prescribe an MRI. *See,* Complaint, Section IV, Par. 17.

The fact that plaintiff wanted an MRI done does not mean that the doctor who refused to order one was deliberately indifferent to his medical needs. Plaintiff alleges nothing more than a mere disagreement over the kind of treatment that he was given which does not constitute a constitutional violation. *See, Estelle v. Gamble*, 429 U.S. at 107, 97 S.Ct. 285. It is well established that a difference of opinion between a prisoner and prison officials regarding medical treatment does not, as a matter of law, constitute deliberate indifference. *Sonds v. St. Barnabas Hosp. Corr. Health Servs.*, 151 F.Supp.2d 303, 309 (*citing, Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir.1998)). Nor does the fact

(S.D.N.Y. July 23, 1997) (defendants' motion for reconsideration granted and leave to amend complaint denied in part and granted in part); *See also, Ramos v. Artuz*, 2001 WL 840131, 2001 U.S. Dist. LEXIS 10327, *33 (S.D.N.Y. July 19, 2001); *Scott v. Scully*, 1997 WL 539951, 1997 U.S. Dist. LEXIS 12966, *8–9 (S.D.N.Y. August 27, 1997).

that an inmate might prefer an alternative treatment, or feels that he did not get the level of medical attention he preferred. *Dean v. Coughlin,* 804 F.2d 207, 215 (2d Cir.1986); *See also, Estelle v. Armstrong,* 429 U.S. at 106–107, 97 S.Ct. 285 (prisoner not entitled to treatment by every medical alternative as long as treatment is reasonable). As long as the medical care is adequate, there is no Eighth Amendment violation. *Wandell v. Koenigsmann,* 2000 WL 1036030, 2000 U.S. Dist. LEXIS 10466, *8 (S.D.N.Y. July 27, 2000). Although a prisoner has a right to medical care, "there is no right to the medical treatment of one's choice." *McCloud v. Delaney,* 677 F.Supp. 230, 232 (S.D.N.Y. 1988). Whether an MRI should have been done "is a classic example of a matter for medical judgment" as to the appropriate course of treatment and is not actionable under the Eighth Amendment. *Id.*[3]

In sum, plaintiff has failed to state a claim against Doctor Maw for an Eighth Amendment violation for deliberate indifference to a serious medical need. Accordingly, this claim must be dismissed.

### POINT II

### *DEFENDANTS CHARLES GREINER AND DR. J. PERILLI WERE NOT PERSONALLY INVOLVED IN THE ALLEGED CONSTITUTIONAL VIOLATION*

Plaintiff's claim against defendants Superintendent Greiner and Doctor Perilli for deliberate indifference to a serious medical need must also be dismissed, because plaintiff does not allege the requisite personal involvement on their part.

It is well settled in this Circuit that, in order to state a cognizable claim under 42

U.S.C. § 1983, a complaint must contain specific allegations of "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under 42 U.S.C. Sec. 1983." *Colon v. Coughlin,* 58 F.3d 865, 873 (2d Cir.1995)(*quoting, Wright v. Smith,* 21 F.3d 496, 501 (2d Cir.1994)); *see also, Santiago v. Meinsen,* 89 F.Supp.2d 435, 442 (S.D.N.Y. February 25, 2000). In this case, plaintiff's allegations regarding defendants Superintendent Charles Greiner and Doctor Perilli are nothing more than broad, simple and conclusory statements and do not allege any personal involvement by these defendants. Therefore, the complaint must be dismissed as against the defendants.

In cases where the allegation is denial of medical treatment, a claim is legally sufficient only when it is established that the prison official who is named as a defendant was "deliberately indifferent either to a prisoner's existing serious medical needs or to conditions imposing a substanial risk of serious future harm." *Sonds v. St. Barnabas Hosp. Corr. Health Servs.,* 151 F.Supp.2d 303, 309 (*citing, Estelle v. Gamble,* 429 U.S. at 104, 97 S.Ct. 285).

This Circuit has identified five ways in which a defendant may be personally involved in a § 1983 violation: (1) the defendant participated directly in the infraction, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who commit-

---

3. This Court is presiding over three of Mr. Joyner's four lawsuits. All of them alleged deliberate indifference to his medical needs.

Each one arises out of Mr. Joyner's belief that he should have been offered a different form of treatment than he in fact received.

ted wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.

*Colon v. Coughlin,* 58 F.3d at 873. In the absence of such involvement, a defendant may not be held liable.

In this case, plaintiff does not allege any facts to support a finding of personal involvement by either Superintendent Greiner or Doctor Perilli in plaintiff's alleged Eighth Amendment violation. There is no indication in the complaint that these defendants were deliberately indifferent to plaintiff's "serious medical needs". Nowhere is it alleged that. these individuals knowingly and intentionally rendered improper treatment, in that they knew of and disregarded an excessive risk to plaintiff's health. *See, Farmer v. Brennan,* 511 U.S. at 837, 114 S.Ct. 1970. Plaintiff apparently seeks to attach personal liability to these defendants, especially Superintendent Greiner, based upon their supervisory positions at Sing Sing, where Greiner is the superintendent and Perilli the chief medical officer. This, of course, is insufficient as a matter of law. *See, Ayers v. Coughlin,* 780 F.2d 205, 210 (2d Cir.1985) (Court held that mere "linkage in the prison chain of command" will not suffice to establish personal involvement).

1. *Personal Involvement of Superintendent Greiner*

■ The fact that Superintendent Greiner affirmed the denial of plaintiff's grievance—which is all that is alleged against him—is insufficient to establish personal involvement or "to shed any light on the critical issue of supervisory liability, and more particularly, knowledge on the part of the defendant." *Scott v. Scully,* 1997 WL 539951, 1997 U.S. Dist. LEXIS at *11 (granted motion to dismiss claim

against superintendent due to lack of personal involvement where plaintiff merely alleged that superintendent forwarded complaint letter and affirmed dismissal of plaintiff's grievance). Plaintiff has not alleged any facts against Superintendent Greiner to show that he unconstitutionally interfered with or denied plaintiff any form of medical treatment. *See, Estelle v. Gamble,* 429 U.S. at 104–105, 97 S.Ct. 285. Plaintiff's complaint merely states that Superintendent Greiner affirmed the denial of his grievance. *See,* Complaint, Section IV, Par. 22. It is well established that "absent some personal involvement by [the Superintendent of a DOCS facility] in the allegedly unlawful conduct of his subordinates, he cannot be held liable under Section 1983." *Gill v. Mooney,* 824 F.2d 192, 196 (2d Cir.1987).

Additionally, it is not alleged that Greiner is a doctor, or that he personally provided (or was capable of providing) plaintiff with medical care. Rather, it is alleged that he affirmed denial of a grievance against the two doctors for failing to provide care. But a prison administrator is permitted to rely upon and be guided by the opinions of medical personnel concerning the proper course of treatment administered to prisoners, and cannot be held to have been "personally involved" if he does so. *See, Abdush–Shahid v. Coughlin,* 933 F.Supp. 168, 183 (N.D.N.Y.1996). Therefore, plaintiff's claim against defendant Greiner must be dismissed due to lack of personal involvement.

2. *Personal Involvement of Doctor Perilli*

■ Plaintiff's claim that he sent Doctor Perilli one letter, to which the doctor responded, is also not sufficient to establish the requisite personal involvement in unconstitutional conduct. The general rule is that "an allegation that an official ignored

a prisoner's letter of protest and request for an investigation of allegations made therein is insufficient to hold that official liable for the alleged violation." *Scott v. Scully*, 1997 WL 539951, 1997 U.S. Dist. LEXIS at \*11 (*citing, Higgins v. Coombe*, 1997 WL 328623, 1997 U.S. Dist. LEXIS 8418 (S.D.N.Y. June 16, 1997)). Plaintiff claims that he wrote to Doctor Perilli a letter regarding his medical treatment. *See*, Complaint, Section IV, Par. 21. According to plaintiff, Doctor Perilli responded that there was nothing he could do unless plaintiff could show he had a disc problem. *Id.* Inaction following receipt of letters from a prisoner regarding alleged violations does not automatically render an official personally liable under Section 1983. *See, Ramos v. Artuz*, 2001 WL 840131, 2001 U.S. Dist. LEXIS 10327, \*20 (S.D.N.Y. July 19, 2001). "District courts have generally been reluctant to find personal involvement sufficient to support liability where a prison official's involvement is limited to the receipt of a prisoner's letters or complaint." *Id.* at \*21.

Plaintiff argues in his responsive papers that Dr. Perilli's conduct was constitutionally deficient because the doctor told plaintiff, "there was nothing he could do," and that the doctor placed on plaintiff "the responsibility . . . . to substantiate any proof or documentation that plaintiff had indeed experience[d] similar back difficulties sometime in the past." (Memorandum of Law in Opposition at 4.) However, the offending letter that is pleaded as the indicium of Dr. Perilli's misconduct reveals that the facts are otherwise.[4] The letter indicates that Dr. Perilli reviewed plaintiff's chart and most recent x-ray—which showed no reason for his pain—and then told plaintiff that he should send Dr. Perilli "the information you requested" concerning prior consults and x-rays so that it could be copied and made a part of plaintiff's permanent medical record. Far from establishing deliberate indifference, Dr. Perilli's letter demonstrates appropriate attention to plaintiff's circumstances. The Constitution does not impose on prison physicians any obligation to reconstruct plaintiff's medical history by contacting other institutions and assembling his records of past treatment.

"Having failed to allege, as [plaintiff] must, that these defendants were directly and personally responsible for the purported unlawful conduct, [plaintiff's] complaint is 'fatally defective' on its face." *Alfaro Motors, Inc. v. Ward*, 814 F.2d 883, 886 (2d Cir.1987) (*quoting Black v. United States*, 534 F.2d 524, 527–528 (2d Cir. 1976)). Thus, plaintiff cannot prove the requisite personal involvement of these defendants and, therefore, the complaint must be dismissed against them for failure to state a claim of deliberate indifference to a serious medical need.

### POINT III

### DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY

Defendants are entitled to qualified immunity from civil suits arising from performance of their discretionary functions so long as their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). Whether an offi-

---

4. Plaintiff did indeed plead the letter, but did not quote it or attach it to the complaint. Obviously, he cannot keep his complaint alive by the expedient of misquoting the letters. The State has attached the letter to its moving papers (Reply Brief, Ex. C). As the letter is pleaded in the Complaint, it is properly in the record on a Rule 12(b)(6) motion. *See e.g., Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir.1991).

cial may invoke qualified immunity "generally turns on the 'objective legal reasonableness' of the action ... assessed in light of the legal rules that were 'clearly established'" when the action was taken. *Anderson v. Creighton*, 483 U.S. 635, 639, 107 S.Ct. 3034, 3038, 97 L.Ed.2d 523 (1987)(citing *Harlow*, 457 U.S. at 818–19, 102 S.Ct. at 2739). The pertinent inquiry is how a reasonable official in the defendant's position would respond. *See Cartier v. Lussier*, 955 F.2d 841, 843 (2d Cir. 1992); *Kaminsky v. Rosenblum*, 929 F.2d 922, 925 (2d Cir.1991).

Qualified immunity asks whether the actions of the official were objectively reasonable at the time they were taken. "Even where the plaintiff's federal rights and the scope of the official's permissible conduct are clearly established, the qualified immunity defense protects a government actor if it was 'objectively reasonable' for him to believe that his actions were lawful at the time of the challenged act." *Malsh v. Austin*, 901 F.Supp. 757, 764 (S.D.N.Y.1995)(citing, *Anderson*, 483 U.S. at 641, 107 S.Ct. at 3040); *Robison v. Via*, 821 F.2d 913, 921 (2d Cir.1987).

> The objective reasonableness test is met— and the defendant is entitled to qualified immunity— if 'officers of reasonable competence could disagree' on the legality of defendant's action. Further, the use of an 'objective reasonableness' standard permits qualified immunity claims to be decided as a matter of law.

*Malsh*, 901 F.Supp. at 764.

■ Applying the analysis to the present case, defendants Superintendent Charles Greiner, Doctor Maw and Doctor Perilli are entitled to qualified immunity, since a review of the relevant allegations reveals that their actions were objectively reasonable and lawful. Plaintiff was continuously being treated for his back pain. He was receiving pain medication, was being seen by a physician's assistant and had x-rays performed to determine the cause of his pain. *See*, Complaint, Section IV. When plaintiff complained of back pain to Dr. Maw, he examined plaintiff, and determined that there was nothing wrong with his back and that plaintiff was having muscle spasms due to the fact that he had once lifted weights. *See*, Complaint, Section IV. Accordingly, Dr. Maw signed plaintiff up for physical therapy. *Id.* Plaintiff alleges that, when he wrote to Doctor Perilli regarding his condition, Doctor Perilli replied that there was nothing he could do unless plaintiff could demonstrate that he had a disc problem. *Id.* at par. 21. Aside from the fact that this is demonstrably untrue (as revealed by the contents of the letter Perilli actually wrote), there is nothing objectively unreasonable about a physician's saying he could do nothing after reviewing x-rays that show no injury. Finally, Plaintiff claims that Superintendent Charles Greiner affirmed the denial of the grievance he filed regarding his medical treatment. *Id.* at par. 22. But since plaintiff's complaint that the two doctors were deliberately indifferent to his needs is patently deficient, there was nothing unreasonable about Greiner's determination.

Based on the facts of this case, there can be no other conclusion other than that it was objectively reasonable for Dr. Maw to believe that he was not violating plaintiff's Eighth Amendment right when he diagnosed plaintiff's condition and recommended that he receive physical therapy. In addition, it was objectively reasonable for Doctor Perilli to believe that he did not violate plaintiff's constitutional rights when he stated that the information before him showed no back injury and asked for further documentation when plaintiff received same. And it was objectively reasonable

for Superintendent Greiner to rely on the investigation conducted by his staff in affirming the denial of plaintiff's grievance. Accordingly, defendants Dr. Maw, Doctor Perilli and Superintendent Greiner are entitled to qualified immunity.

## CONCLUSION

For all the foregoing reasons, the complaint is dismissed with prejudice. The Clerk of the Court is directed to close the file.[5]

5. The Clerk is further directed to serve a copy of this opinion on plaintiff's parole officer, since we have no other address for him.