**Edward D. FAGAN, Plaintiff,**

v.

**UNITED STATES DISTRICT COURT FOR SOUTHERN DISTRICT OF NEW YORK, et al., Defendants.**

**No. 09 Civ. 0042(VM).**

United States District Court, S.D. New York.

Aug. 11, 2009.

---

Edward D. Fagan, New York, NY, pro se.

Joseph Anthony Pantoja, U.S. Attorney's Office, Bruce Harvey Schneider, Stroock & Stroock & Lavan LLP, Richard Henry Dolan, Schlam Stone & Dolan LLP, New York, NY, for Defendants.

## DECISION AND ORDER

VICTOR MARRERO, District Judge.

### I. BACKGROUND

Plaintiff Edward D. Fagan ("Fagan") brought this action seeking access to certain judicial files and documents and other equitable relief, as well as fees and costs, related to litigation in a case before this Court presided over by Judge Shirley Wohl Kram involving restitution to Holocaust victims.

By Order dated July 24, 2009, Magistrate Judge Andrew Peck, to whom this matter had been referred for supervision of pretrial proceedings, issued a Report and Recommendation (the "Report"), a copy of which is attached and incorporated herein, recommending that the motions of various defendants to dismiss the complaint be granted in their entirety. Fagan did not file objections to the Report by the deadline of August 10, 2009, nor has he sought any extension to do so. For the reasons stated below, the Court adopts the recommendations of the Report in their entirety.

### II. STANDARD OF REVIEW

A district court evaluating a Magistrate Judge's report may adopt those portions of a report and recommendation to which no specific written objection is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law. Fed.R.Civ.P. 72(b); *Thomas v. Arn,* 474 U.S. 140, 149, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Greene v. WCI Holdings Corp.,* 956 F.Supp. 509, 513 (S.D.N.Y.1997). The Court is not required to review any portion of a Magistrate Judge's report that is not the subject of an objection. *See Thomas,* 474 U.S. at 149, 106 S.Ct. 466. A district judge may accept, set aside, or modify, in whole or in part, the findings and recommendations of the Magistrate Judge. *See* Fed.R.Civ.P. 72(b); *DeLuca v. Lord,* 858 F.Supp. 1330, 1345 (S.D.N.Y.1994).

### III. DISCUSSION

Having conducted a review of the full factual record in this litigation, including the pleadings, and the parties' respective papers submitted in connection with the underlying motions, as well as the Report and applicable legal authorities, the Court concludes that the findings, reasoning, and legal support for the recommendations made in Report are not clearly erroneous or contrary to law and are thus warranted. Accordingly, for substantially the reasons set forth in the Report the Court adopts the Report's recommendations that Fagan's complaint be dismissed in its entirety.

### IV. ORDER

For the reasons discussed above, it is hereby

**ORDERED** that the Report and Recommendation of Magistrate Judge Andrew Peck dated July 24, 2009 (Docket No. 68) is adopted in its entirety, and the motions of defendants herein (Docket Nos. 24, 32 and 42) to dismiss the complaint of plaintiff Edward D. Fagan with prejudice are GRANTED.

The Clerk of Court is directed to withdraw any pending motions and to close this case.

**SO ORDERED.**

## REPORT AND RECOMMENDATION

ANDREW J. PECK, United States Magistrate Judge:

**To the Honorable Victor Marrero, United States District Judge:**

Pro se plaintiff Edward D. Fagan, a disbarred attorney,[1] brings this action against, among others, the United States District Court for the Southern District of New York (Judge Kram), court-appointed Special Master Howard Zifkin, other court appointed special masters and their counsel, Claims Committee counsel, and others involved in Holocaust victim restitution cases [2] in which Fagan served as plaintiffs' counsel. (*See* Dkt. No. 1: Compl.; Dkt. No. 56: Fagan Cross–Mot. Ltr. Br. at 2–4.) Fagan seeks access to various documents and electronically stored information arising from the *Austrian Banks* and *AHVRAM* cases, certain injunctive relief, fees and costs, and asks this Court to "void[ ] the 2005 Orders in The AHVRAM Case" and to reinstate the "AHVRAM Claims." (Compl. ¶¶ 172–75, 185–95, 236–49, 265–71.)[3]

Presently before the Court are defendants' motions to dismiss the complaint pursuant to Rules 12(b)(1) & 12(b)(6) of the Federal Rules of Civil Procedure (Dkt. No. 24: Stroock Defs. Notice of Motion; Dkt. No. 32: Dolan/Wachter Defs. Notice of Motion; Dkt. No. 42: Gov't Notice of Motion), on the grounds, *inter alia*, that: (1) the United States District Court for the Southern District of New York is immune from suit under the doctrine of sovereign immunity (Dkt. No. 43: Gov't Br. at 8–10; Dkt. No. 61: Gov't Reply Br. at 2); (2) Special Master "Zifkin is absolutely immune ... predicated on Zifkin's official acts as a court-appointed special master" (Gov't Br. at 11–14; Gov't Reply Br. at 1–2); (3) "this action should be dismissed because the same allegations are at issue" in Fagan's Fed.R.Civ.P. 60(b) motion "before another judge of this Court," *i.e.*, Judge Kram (Dkt. No. 26: Stroock Defs. Br. at 4–8; Dkt. No. 60: Stroock Defs. Reply Br. at 2); and (4) as a disbarred lawyer, Fagan has no standing to "seek[ ] to vacate the AHVRAM judgment" (Stroock Defs. Br. at 19–21).

For the reasons set forth below, defendants' motions to dismiss (Dkts. No. 24, 32, 42) should be *GRANTED*.

## BACKGROUND

In the mid–1990s, Fagan—then a licensed attorney—began representing "Holocaust victims and persons with Holocaust Era and/or restitution claims .... to achieve restitution and damages" from the Austrian government and Austrian financial institutions "that profited from collaboration with the Nazis." (Dkt. No. 1:

---

1. On December 11, 2008, the New York State Supreme Court, Appellate Division, disbarred Fagan from the practice of law in New York. *See In Re Fagan*, 58 A.D.3d 260, 266, 869 N.Y.S.2d 417, 421 (1st Dep't 2008), *appeal denied*, 12 N.Y.3d 813, 881 N.Y.S.2d 20, 908 N.E.2d 928 (table) (Apr. 28, 2009). Subsequently, Fagan was reciprocally disbarred by this Court, and by the Eastern District of New York. (*See* Dkt. No. 25: Schneider Aff. Ex. A.) Fagan also was disbarred in New Jersey. *In re Fagan*, 199 N.J. 317, 972 A.2d 385 (2009).

2. *In re Austrian & German Bank Holocaust Litig.*, 80 F.Supp.2d 164 (S.D.N.Y.) (*"Austrian*

*Banks "* case), and *Ass'n of Holocaust Victims for Restitution of Artwork & Masterpieces v. Bank Austria Creditanstalt Ag*, 04 Civ. 3600(SWK) (S.D.N.Y.) (*"AHVRAM "* case).

3. Fagan initially sought compensatory damages, punitive damages and/or special damages (*see, e.g.,* Compl. ¶¶ 221, 235, 249, 256, 264), but in opposing defendants' motions to dismiss Fagan has conceded that "[t]his is not an action for monetary damages as against any of the Defendants," but rather an action "for access to judicial documents which should be made public" (Dkt. No. 52: Fagan Opp. Aff. ¶¶ 16, 17).

Compl. ¶¶ 4, 16–17.) In 2000, Judge Kram certified a settlement class and approved a settlement between Fagan's clients, among others, and the defendant banks in the *Austrian Banks* case. *See In re Austrian & German Bank Holocaust Litig.*, 80 F.Supp.2d 164, 180 (S.D.N.Y.2000), *aff'd sub nom. D'Amato v. Deutsche Bank*, 236 F.3d 78 (2d Cir.2001).

In 2004, Fagan commenced the *AH-VRAM* action against Bank Austria. (*See* Compl. App. pp. 517–63.) Judge Kram dismissed *AHVRAM* for lack of subject matter jurisdiction, finding that *AHVRAM* was "little more than an end run around the Bank Austria Settlement" in the *Austrian Banks* case. *See Ass'n of Holocaust Victims for Restitution of Artwork & Masterpieces v. Bank Austria Creditanstalt Ag*, 04 Civ. 3600, 2005 WL 2001888 at \*1–2 (S.D.N.Y. Aug. 19, 2005). Judge Kram also imposed sanctions on Fagan under Fed.R.Civ.P. 11 and 28 U.S.C. § 1927 for "a lack of preparation and lack of professionalism[,] .... glaringly inadequate filings, utter disregard for the court, its schedule, and the rules of procedure," and for "obvious[ly] ... misrepresent[ing] critical facts." 2005 WL 2001888 at \*4. Judge Kram held that Fagan brought claims "entirely without color" and in "bad faith," inappropriately circumvented the *Austrian Banks* settlement, and "attempt[ed] to profit by buying into the litigation." *Id.* at \*5. Judge Kram fined Fagan $5,000 payable to the Clerk of Court and ordered him to pay all "Bank Austria's reasonable litigation costs and fees in connection with this [*AHVRAM*] action." *Id.* at \*6.

On November 17, 2005, Judge Kram denied reconsideration of her August 19, 2005 Order dismissing the *AHVRAM* action and imposing sanctions on Fagan, and established the costs and fees due to Bank Austria ($345,520.64) and ordered Fagan to immediately pay his fine to the Court.

*See Ass'n of Holocaust Victims for Restitution of Artwork & Masterpieces v. Bank Austria Creditanstalt Ag*, 04 Civ. 3600, 2005 WL 3099592 (S.D.N.Y. Nov. 17, 2005). In addressing the necessity of sanctions, Judge Kram commented that Fagan's "blatant disregard of procedural rules and careless abdication of his duties as a lawyer is characteristic of Mr. Fagan's conduct throughout this litigation" and that "[i]t is apparent to this Court that a heavy sanction is needed to deter Mr. Fagan from the conduct described in the August 19 Order." *Id.*, 2005 WL 3099592 at \*8.

In September 2005, Fagan appealed Judge Kram's 2005 order to the Second Circuit, (*See* Dkt. No. 25: Schneider Aff. Exs. D & E.) The Second Circuit dismissed Fagan's appeal on December 8, 2005 for failing to comply with the Second Circuit's Civil Appeals Management Plan. (*See* Schneider Aff. Ex. F: 12/8/05 Order & Dismissal.)

On October 8, 2008, Judge Kram granted Fagan's application for leave to file a new Rule 60(b) motion for reconsideration of her August 19, 2005 Order dismissing *AHVRAM* and imposing sanctions on Fagan. (04 Civ. 3600, Dkt. No. 41: 10/8/08 Kram Order.) Fagan filed the Rule 60(b) motion on November 14, 2008. (*See* Compl. App. pp. 603–58: Fagan 11/14/08 Rule 60(b) pleadings.) Fagan also filed a motion for recusal or expedited hearing. (Compl. App. pp. 647–58: 11/14/08 Fagan Recusal Aff.) Pagan's Rule 60(b) motion and recusal motion remain pending before Judge Kram. (*See* Compl. ¶ 20.)

On December 11, 2008, the First Department disbarred Fagan from the practice of law in New York based upon disciplinary proceedings arising from Fagan's actions in *AHVRAM* and upon Judge Kram's 2005 Orders. *See In Re Fagan*, 58 A.D.3d 260, 266, 869 N.Y.S.2d 417, 421 (1st Dep't 2008), *appeal denied*, 12 N.Y.3d 813,

881 N.Y.S.2d 20, 908 N.E.2d 928 (table)(Apr. 28, 2009). The First Department found that Fagan's "conduct before Judge Kram was dishonest and prejudicial to the administration of justice," that Fagan "made deliberate misrepresentations to [the] court," and "repeatedly violated court rulings and procedures and failed .... to pay sanctions and fees imposed." *In Re Fagan,* 58 A.D.3d at 266, 869 N.Y.S.2d at 421. The First Department also noted that despite having obtained extensions, Fagan "never submitted any new evidentiary materials in support of his position." *In Re Fagan,* 58 A.D.3d at 265, 869 N.Y.S.2d at 420.

In early January 2009, Fagan filed the instant action seeking access to Judge Kram's judicial files and documents "reviewed and/or considered in Holocaust cases including files retained in chambers" (Compl. ¶¶ 172–75), access to "Special Masters' and Court appointees['] files/documents, emails created and/or used in the Holocaust & related cases" (Compl. ¶¶ 185–89), and access to "Special Master & appointees['] fees, expenses and billing records" (Compl. ¶¶ 190–95). Fagan seeks judgments against Judge Kram, various judicial appointees, parties and litigants for violating the canons of judicial conduct, the Rules of the American Arbitration Association, and the New York Lawyer's Code of Professional Responsibility (Compl. ¶¶ 176–84, 196–221), and asks this Court to void Judge Kram's 2005 *AHVRAM* Orders, to reinstate the *AHVRAM* claims (*see* Compl. ¶¶ 243–49), and further seeks certain forms of injunctive relief against Judge Kram and the district court at large (*see* Compl. ¶¶ 265–71).[4]

### Defendants' Motions to Dismiss the Complaint

Defendants' have moved to dismiss the complaint pursuant to Rules 12(b)(1) & 12(b)(6) of the Federal Rules of Civil Procedure (Dkt. No. 24: Stroock Defs. Notice of Motion; Dkt. No. 32: Dolan/Wachter Defs. Notice of Motion; Dkt. No. 42: Gov't Notice of Motion), on the grounds, *inter alia,* that: (1) the United States District Court for the Southern District of New York is immune from suit under the doctrine of sovereign immunity (Dkt. No. 43: Gov't Br. at 8–10; Dkt. No. 61: Gov't Reply Br. at 2); (2) Special Master "Zifkin is absolutely immune ... predicated on Zifkin's official acts as a court-appointed special master" (Gov't Br. at 11–14; Gov't Reply Br. at 1–2); (3) "this action should be dismissed because the same allegations are at issue" in Fagan's Fed.R.Civ.P. 60(b) motion "before another judge of this Court," *i.e.,* Judge Kram (Dkt. No. 26: Stroock Defs. Br. at 4–8; Dkt. No. 60: Stroock Defs. Reply Br. at 2); and (4) as a disbarred lawyer, Fagan has no standing to "seek[ ] to vacate the AHVRAM judgment" (Stroock Defs. Br. at 19–21).[5]

### ANALYSIS

### I. THE STANDARDS GOVERNING A MOTION TO DISMISS

#### A. The Twombly–Iqbal "Plausibility" Standard

In two decisions in the last few years, the Supreme Court significantly clarified

---

4. Fagan also alleged various causes of action (Counts VII, VIII, X, XI) that mainly sought damages, but Fagan has abandoned all claims for damages in response to defendants' motions to dismiss. (*See* page 443 n. 3 above.)

5. On May 18, 2009, Fagan filed a cross-motion for summary judgment and also attempted to assert new causes of action, without bothering to seek leave to file an amended complaint. (Dkt. No. 55: Notice of Motion; Dkt. No. 56: Fagan Cross–Mot. Br.) This Court denied Fagan's summary judgment motion without prejudice to renewal after resolution of the instant motions to dismiss. (*See* Dkt. No. 54: 5/28/09 Order.) The Court's recommended dismissal of the action moots Fagan's summary judgment motion.

the standard for a motion to dismiss as follows:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in *Twombly*, the pleading standard Rule 8 announces does not require "detailed factual allegations," but it *demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.* A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement,"
>
> To survive a motion to dismiss, *a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."* A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"
>
> Two working principles underlie our decision in *Twombly.* First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. *Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.* Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. *Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.* Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Ashcroft v. Iqbal,* —— U.S. ——, 129 S.Ct. 1937, 1949–50, 173 L.Ed.2d 868 (2009) (citations omitted & emphasis added) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 556–57, 570, 127 S.Ct. 1955, 1965–66, 1974, 167 L.Ed.2d 929 (2007) (retiring the *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957), pleading standard that required denying a Rule 12(b)(6) motion to dismiss "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.")).[6]

The "standards for dismissal under [Rule] 12(b)(6) and 12(b)(1) are substantively identical." *Lerner v. Fleet Bank,*

---

**6.** *Accord, e.g., Harris v. Mills,* 572 F.3d 66, 71–72 (2d Cir.2009); *Lindner v. Int'l Bus.*

*N.A.*, 318 F.3d 113, 128 (2d Cir.) *cert. denied*, 540 U.S. 1012, 124 S.Ct. 532, 157 L.Ed.2d 424 (2003); *see also, e.g., Moore v. PaineWebber, Inc.*, 189 F.3d 165, 169 n. 3 (2d Cir.1999); *Bishop v. Porter*, 02 Civ. 9542, 2003 WL 21032011 at *3 (S.D.N.Y. May 8, 2003); *Tennant v. U.S. Bureau of Prisons*, 02 CV 00558, 2003 WL 1740605 at *1 (D.Conn. Mar. 29, 2003).[7]

## B. Consideration Of Documents Attached To Or Referred To In The Complaint

A Rule 12(b)(6) motion to dismiss challenges only the face of the pleading.

Thus, in deciding such a motion to dismiss, "the Court must limit its analysis to the four corners of the complaint." *Vassilatos v. Ceram Tech Int'l, Ltd.*, 92 Civ. 4574, 1993 WL 177780 at *5 (S.D.N.Y. May 19, 1993) (citing *Kopec v. Coughlin*, 922 F.2d 152, 154–55 (2d Cir.1991)).[8] The Court, however, may consider documents attached to the complaint as an exhibit or incorporated in the complaint by reference. *E.g., ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir.2007); *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir.2002) ("Because this standard has been misinterpreted on occasion,

---

*Machs. Corp.*, 06 Civ. 4751, 2008 WL 2461934 at *3 (S.D.N.Y. June 18, 2008); *Joseph v. Terrence Cardinal Cooke Health Care Ctr.*, 07 Civ. 9325, 2008 WL 892508 at *1 (S.D.N.Y. Apr. 2, 2008); *Elektra Entm't Group, Inc. v. Barker*, 551 F.Supp.2d 234, 237 (S.D.N.Y. 2008); *Edison Fund v. Cogent Inv. Strategies Fund, Ltd.*, 551 F.Supp.2d 210, 216–17 (S.D.N.Y.2008); *Diana Allen Life Ins. Trust v. BP P.L.C.*, 06 Civ. 14209, 2008 WL 878190 at *3 (S.D.N.Y. Mar. 31, 2008).

The Court notes that in opposing the motion to dismiss, Fagan cited the *Conley v. Gibson* standard as if it still was good law (Dkt. No. 56: Fagan Cross–Mot. Ltr. Br. at 1)—showing the care and legal acumen which previously has drawn sanctions from Judge Kram, other judges and the disciplinary authorities.

7. The only substantive difference is "that the party invoking the jurisdiction of the court has the burden of proof in a 12(b)(1) motion, in contrast to a 12(b)(6) motion, in which the defendant has the burden of proof." *Lerner v. Fleet Bank, N.A.*, 318 F.3d at 128 (citing *Thompson v. County of Franklin*, 15 F.3d 245, 249 (2d Cir.1994)); *see also, e.g., Langella v. Bush*, 306 F.Supp.2d 459, 463 (S.D.N.Y.2004) ("On a motion to dismiss pursuant to Rule 12(b)(1), plaintiff carries the burden of establishing that subject matter jurisdiction exists over his complaint."); *Bishop v. Porter*, 2003 WL 21032011 at *3.

The other difference is that on a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the Court "may refer to evidence outside the pleadings."

*Makarova v. United States*, 201 F.3d 110, 113 (2d Cir.2000) (citing *Kamen v. Am. Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986)); *see also, e.g., Land v. Dollar*, 330 U.S. 731, 735 n. 4, 67 S.Ct. 1009, 1011 n. 4, 91 L.Ed. 1209 (1947) ("[W]hen a question of the District Court's jurisdiction is raised, ... the court may inquire by affidavits or otherwise, into the facts as they exist."); *Exchange Nat'l Bank v. Touche Ross & Co.*, 544 F.2d 1126, 1130–31 (2d Cir.1976); *Masters v. Wilhelmina Model Agency, Inc.*, 02 Civ. 4911, 2003 WL 145556 at *1 (S.D.N.Y. Jan. 17, 2003).

8. *Accord, e.g., Faulkner v. Beer*, 463 F.3d 130, 134 (2d Cir.2006); *Aniero Concrete Co. v. N.Y. City Constr. Auth.*, 94 Civ. 3506, 2000 WL 863208 at *31 (S.D.N.Y. June 27, 2000); *Six W. Retail Acquisition, Inc. v. Sony Theatre Mgmt. Corp.*, 97 Civ. 5499, 2000 WL 264295 at *12 (S.D.N.Y., Mar. 9, 2000) ("When reviewing the pleadings on a motion to dismiss pursuant to Rule 12(b)(6), a court looks only to the four corners of the complaint and evaluates the legal viability of the allegations contained therein.").

When additional materials are submitted to the Court for consideration with a 12(b)(6) motion, the Court must either exclude the additional materials and decide the motion based solely upon the complaint, or convert the motion to one for summary judgment under Fed.R.Civ.P. 56. *See* Fed.R.Civ.P. 12(b); *Friedl v. City of N.Y.*, 210 F.3d 79, 83 (2d Cir.2000); *Fonte v. Bd. of Managers of Cont'l Towers Condo.*, 848 F.2d 24, 25 (2d Cir.1988).

we reiterate here that a plaintiff's *reliance* on the terms and effect of a document in drafting the complaint is a necessary prerequisite to the court's consideration of the document on a dismissal motion; mere notice or possession is not enough."); *Yak v. Bank Brussels Lambert*, 252 F.3d 127, 130 (2d Cir.2001) (citing *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir.1991). *cert. denied*, 503 U.S. 960, 112 S.Ct. 1561, 118 L.Ed.2d 208 (1992)); *Rothman v. Gregor*, 220 F.3d 81, 88 (2d Cir.2000) ("For purposes of a motion to dismiss, we have deemed a complaint to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference . . . ."); *see also, e.g., Paulemon v. Tobin*, 30 F.3d 307, 308–09 (2d Cir.1994); *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir.1993).

"However, before materials outside the record may become the basis for a dismissal, several conditions must be met. For example, even if a document is 'integral' to the complaint, it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document. It must also be clear that there exists no material disputed issue of fact regarding the relevance of the document." *Faulkner v. Beer*, 463 F.3d at 134 (citations omitted).

In this case, documents that plaintiff Fagan referred to in his complaint, and which were submitted by defendants in support of their motion to dismiss and by Fagan in opposition to defendants' motion to dismiss (*see* Dkt. No. 25: Schneider Aff. Exs. A–G; Dkt. No. 44: Pantoja Aff. Ex. 1; Dkt. No. 52: Fagan Opp. Aff. Exs. 1–6; Dkt. No. 59: Schneider Reply Aff. Ex. A), maybe considered on the motion to dismiss, subject to the *Faulkner v. Beer* proviso. Other than court records, however,

no such documents played a role in this Court's Report and Recommendation.

\* \* \*

The Court's role in deciding a motion to dismiss " 'is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.' " *Saunders v. Coughlin*, 92 Civ. 4289, 1994 WL 88108 at \*2 (S.D.N.Y. Mar. 15, 1994) (quoting *Geisler v. Petrocelli*, 616 F.2d 636, 639 (2d Cir.1980)); *accord, e.g., Watson v. McGinnis*, 964 F.Supp. 127, 130–31 (S.D.N.Y. 1997) (Kaplan, D.J. & Peck, M.J.). " '[T]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.' " *Saunders v. Coughlin*, 1994 WL 88108 at \*2 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974)).

Even after *Twombly* and *Iqbal*, when reviewing a pro se complaint, the Court must use less stringent standards than if the complaint had been drafted by counsel and must construe a pro se complaint liberally. *See, e.g., Harris v. Mills*, 572 F.3d 66, 71–72 (2d Cir.2009); *LaBounty v. Adler*, 933 F.2d 121, 123 (2d Cir.1991); *Watson v. McGinnis*, 964 F.Supp. at 131; *Saunders v. Coughlin*, 1994 WL 88108 at \*2 (citing *Hughes v. Rowe*, 449 U.S. 5, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980)). However, "[d]ismissal under Rule 12(b)(6) is proper if the complaint lacks an allegation regarding an element necessary to obtain relief. . . ." 2 *Moore's Federal Practice* § 12.34[4][a], at 12–72.7 (2005). Thus, the " 'duty to liberally construe a plaintiff's complaint [is not] the equivalent of a duty to re-write it.' " *Id.*, § 12.34[1][b], at 12–61: *see also, e.g., Joyner v. Greiner*, 195 F.Supp.2d 500, 503 (S.D.N.Y.2002) (action dismissed because pro se plaintiff "failed to allege the facts tending to establish"

that defendants violated his constitutional rights).

However, pro se attorneys—or in Fagan's case, a pro se disbarred attorney—"typically 'cannot claim the special consideration which the courts customarily grant to pro se parties.'" *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 82 n. 4 (2d Cir.2001) (quoting *Harbulak v. County of Suffolk*, 654 F.2d 194, 198 (2d Cir.1981)); *accord, e.g., Glatzer v. Barone*, 614 F.Supp.2d 450, 451 n. 1 (S.D.N.Y.2009) (Marrero, D.J.) ("The Court takes [plaintiff]'s status as an attorney and former member of a state bar into account in considering the degree of litigational latitude that should be accorded him as a pro se plaintiff."); *Gotbetter v. Wendt*, 08 Civ. 4868, 2008 WL 5147036 at *3 (S.D.N.Y. Dec. 3, 2008).

## II. FAGAN'S COMPLAINT SHOULD BE DISMISSED IN ITS ENTIRETY AND DEFENDANTS' MOTIONS TO DISMISS GRANTED

 Fagan's attempt to gain access to judicial, Special Master and court-appointed committee member files and documents from the "Holocaust cases" (Dkt. No. 1: Compl. Counts I, III, IV) constitutes an end-run around the proper course of litigation, and should be dismissed. To obtain access to those files Fagan should request them from the Court to which those cases are or were assigned, and if his requests are denied, he perhaps may have appeal rights.[9] (The Court expresses no opinion as to whether Fagan is entitled to such files or whether he could appeal any adverse decision.) In *AHVRAM*, such requests would be directed to Judge Kram—and Fagan currently has a Rule 60(b) motion pending in that action.[10] Moreover, to the extent Fagan seeks these files allegedly to protect the rights of the Holocaust victims who are his former clients (*e.g.,* Compl. Count III), he lacks standing to do so, because he has been disbarred, is no longer an attorney, and is proceeding before this Court pro se. One "may not appear pro se in the cause of another person or entity." *Pridgen v. Andresen,* 113 F.3d 391, 393 (2d Cir.1997). To the extent Fagan asserts a "right" to the files for use in fighting his disbarment (*see* Dkt. No. 55: Fagan Cross–Motion Aff. ¶ 10(e)), he had the ability to defend against his disbarment before the disciplinary authorities but failed to fully avail himself of that opportunity (*see* pages 444–45 above).

In Counts VIII and IX, Fagan asks this Court to void the 2005 *AHVRAM* Orders and "for relief pursuant to FRCP 60(b)(6)." (Compl. Count IX.) Fagan had the opportunity to appeal to the Second Circuit from Judge Kram's sanctions decision, but he forfeited that opportunity when he failed to perfect the appeal. (*See* page 444 above.) Fagan may not request relief from this Court (in a separate plenary action) as to the *AHVRAM* case; again, Fagan currently has a Rule 60(b) motion pending before Judge Kram that addresses the very issues on which Fagan seeks relief from this Court. Counts VIII and IX therefore should be dismissed.

Similarly, Count XII requests an injunction ordering Judge Kram and court ap-

---

9. It is common practice for counsel in a case to move to enlarge the record on appeal to include documents, such as letters, that were not formally docketed during the course of the litigation. *See, e.g., Channer v. Brooks,* 320 F.3d 188, 199 n. 7 (2d Cir.2003).

10. To the extent Fagan complains that Judge Kram has not yet acted on his Rule 60(b) motion (*see* Dkt. No. 55: Fagan Cross–Motion Aff. ¶¶ 16–19), he could file a writ of mandamus in the Second Circuit to attempt to force a decision on the Rule 60(b) motion. *See, e.g., Viola v. United States,* No. 96 CV 706, 2003 WL 22843163 at *3 (E.D.N.Y. Nov. 25, 2003).

pointees to preserve and inventory documents from *AHVRAM* and the *Austrian Banks* cases, and for the District Court to take no further actions based on Judge Kram's 2005 *AHVRAM* orders. Requests for such relief, if available at all, should be made by motion before Judge Kram in those cases. Accordingly, Count XII should be dismissed.

■ In Count XI, Fagan alleges that Judge Kram has violated his Due Process rights, but simply rehashes his contention that Judge Kram and other court appointees have behaved unethically, that Fagan and his clients "have been adversely affected and prejudiced" by Judge Kram's 2005 *AHVRAM* Orders (Compl. ¶ 263), and that he should have access to various Court files and judicial records. To the extent Fagan raises his (former) clients' rights, he is no longer a lawyer and cannot assert the rights of others. (*See* page 449 above.) To the extent Fagan asserts claims relating to Judge Kram's sanctions, he has a

Rule 60(b) motion pending before Judge Kram (and he could have originally appealed these sanctions to the Second Circuit but failed to perfect his appeal, *see* page 444 above). Any due process claim should have been raised on appeal, and cannot be raised in a plenary, collateral proceeding. Count XI should be dismissed for the same reasons discussed above.[11]

■ In addition, to the extent Fagan alleges that Judge Kram violated the "Canons of Judicial Conduct" (Count II), that judicial appointees violated the Rules of the American Arbitration Association (Count V), or that defendants Moerdler, Stroock, and Bank Austria violated the New York Lawyer's Code of Professional Responsibility (Count VI), he should go before the appropriate disciplinary authorities to file formal complaints. These alleged ethics violations do not form a valid cause of action before this Court, however, and therefore should be dismissed.[12]

---

**11.** Furthermore, it is well settled that "[j]udges have absolute immunity from suit for judicial acts performed in their judicial capacities," *Melnitzky v. HSBC, Bank USA*, 06 Civ. 13526, 2006 WL 3728598 at *1 (S.D.N.Y. Dec. 15, 2006) (citing *Mireles v. Waco*, 502 U.S. 9, 11, 112 S.Ct. 286, 288, 116 L.Ed.2d 9 (1991)). Fagan's allegations against Judge Kram clearly concern actions performed in the course of Judge Kram's judicial duties and in her judicial capacity, and Judge Kram therefore is immune from Fagan's suit.

In addition, Special Master Zifkin also is absolutely immune from suit. In *Dorman v. Higgins*, 821 F.2d 133 (2d Cir.1987), the Second Circuit extended absolute immunity to federal probation officers acting "as an arm of the court," acknowledging that "some officials who are not judges but who 'perform functions closely associated with the judicial process,' have also been accorded such immunity." *Dorman v. Higgins*, 821 F.2d at 137 (citation omitted). Court-appointed special masters are "entitled to absolute immunity for the performance of quasi-judicial functions that were integral to the judicial process." *Williams v. City of*

N.Y., 03 Civ. 5342, 2005 WL 901405 at *8 (S.D.N.Y. Apr. 19, 2005). Zifkin and the other special master defendants clearly acted as an "arm of the court" in carrying out their duties as Special Masters, and therefore are immune to Fagan's suit.

**12.** To the extent that Fagan feels Judge Kram "has engaged in conduct prejudicial to the effective and expeditious administration of the business of the courts," Fagan could "file with the clerk of the [Second Circuit] a written complaint containing a brief statement of the facts constituting such conduct." 28 U.S.C. § 351(a); *see also* Rules of the Judicial Council of the Second Circuit Governing Complaints Against Judicial Officers. A plenary action, however, is inappropriate.

Furthermore, "as a general rule, there is no private right of action for a violation of a New York Disciplinary Rule." *Karas v. Katten Muchin Rosenman LLP*, No. 07–1545–CV, —— Fed.Appx. ——, ——, 2009 WL 38898 at *2 (2d Cir. Jan. 8, 2009) (citing *William Kaufman Org., Ltd. v. Graham & James LLP*, 269 A.D.2d 171, 173, 703

Finally, in Counts VII and X, Fagan alleges that Bank Austria and its attorneys have committed tortious interference and fraud by "using the 2005 Orders by Judge Kram in *AHVRAM* ... against ... Fagan" in other cases in order to "interfere with the contracts between ... Fagan and his clients in other Holocaust [c]ases" (Compl. ¶¶ 224, 225), and by deliberately falsifying statements and concealing evidence to secure Judge Kram's 2005 *AHVRAM* Orders to defraud Fagan, the *AHVRAM* plaintiffs and other "Holocaust victims" with claims against Bank Austria (Compl. ¶ 253). Both causes of action would belong before Judge Kram in *AHVRAM*, but in any event should be dismissed because those counts primarily sought compensatory and punitive damages, and Fagan has abandoned any claim for damages (*see* page 443 n. 3 above). Furthermore, to the extent that Fagan seeks relief on behalf of anyone but himself, he lacks standing to do so. (*See* page 449 above.) Counts VII and X, therefore, also should be dismissed.

### CONCLUSION

For the reasons stated above, defendants' motions to dismiss (Dkts. No. 24, 32, 42)[13] should be *GRANTED* and Fagan's case should be dismissed in its entirety.

### FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Victor Marrero, 500 Pearl Street, Room 660, and to my chambers, 500 Pearl Street, Room 1370. Any requests for an extension of time for filing objections must be directed to Judge Marrero (with a courtesy copy to my chambers). Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985): *IUE AFL–CIO Pension Fund v. Herrmann,* 9 F.3d 1049, 1054 (2d Cir. 1993), *cert. denied,* 513 U.S. 822, 115 S.Ct. 86, 130 L.Ed.2d 38 (1994); *Roldan v. Racette,* 984 F.2d 85, 89 (2d Cir.1993); *Frank v. Johnson,* 968 F.2d 298, 300 (2d Cir.), *cert. denied,* 506 U.S. 1038, 113 S.Ct. 825, 121 L.Ed.2d 696 (1992); *Small v. Sec'y of Health & Human Servs.,* 892 F.2d 15, 16 (2d Cir.1989); *Wesolek v. Canadair Ltd.,* 838 F.2d 55, 57–59 (2d Cir.1988); *McCarthy v. Manson,* 714 F.2d 234, 237–38 (2d Cir.1983); 28 U.S.C. § 636(b)(1); Fed. R.Civ.P. 72, 6(a), 6(d).

N.Y.S.2d 439, 442 (1st Dep't 2000) ("a violation of a disciplinary rule does not generate a cause of action")); *see also, e.g., Avile v. Feitell,* 07 Civ. 2987, 2008 WL 2139153 at *3 (S.D.N.Y. May 20, 2008) ("There is no private cause of action for violations of the New York Code of Professional Responsibility.").

**13.** The Bank Defendants' motion to quash service and dismiss the complaint pursuant to Rules 4 & 12(b)(5) of the Federal Rules of Civil Procedure (Dkt. No. 47: Bank Defs. Notice of Motion) therefore is moot due to this Court's recommendation to dismiss this action in its entirety.